IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MARY L. DANNER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:14-cv-229 (MTT) (CHW) |
| | : | |
| CAROLYN W. COLVIN, | : | Social Security Appeal |
| Acting Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |
| | : | |

REPORT AND RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security terminating Plaintiff Mary L. Danner's social security benefits. In accordance with the analysis below, it is **RECOMMENDED** that Plaintiff's case be **REMANDED** to the Commissioner pursuant to "sentence four" of 42 U.S.C. § 405(g).

BACKGROUND

In March 2003, an administrative law judge ("ALJ") found that Plaintiff was "disabled," as of May 2001, due to lumbar problems that, according to Dr. Carlos Giron, a treating physician, would limit Plaintiff to sitting for only four hours in total during an eight hour workday, to standing and walking for only two hours in total during an eight hour workday, and that would cause Plaintiff to be absent from work about three times per month. (R. 81–84). These problems apparently arose from an injury Plaintiff suffered while performing heavy lifting work at Rheem Manufacturing. (R. 299, 335).

In November 2010, Plaintiff received notice from the Social Security Administration that she was no longer "disabled," and that she would stop receiving benefits. (R. 87, 97–99). This

1

decision was based upon a November 2010 "continuing disability review," at which it was found that Plaintiff's "condition [was] no longer of the seriousness to be considered disabling," and that Plaintiff was now "able to move about and to use [her] arms, hands, legs, and back in a satisfactory manner." (R. 97–98).

In September 2012, a hearing was held before a second reviewing ALJ, and later that month, the second ALJ issued an unfavorable opinion, finding that Plaintiff had benefited from medical improvement as of November 1, 2010, resulting in an "overall decrease in [the] medical severity of [Plaintiff's] impairments." (R. 29–30). Plaintiff submitted additional evidence to the Appeals Council, but the Appeals Council denied Plaintiff's request for review in April 2014. (R. 1–3). Plaintiff now seeks review before this Court, arguing that (1) the ALJ failed to conduct a comparison of Plaintiff's prior and current medical evidence as mandated by 20 C.F.R. § 404.1594(c)(1), and that (2) the Appeals Council erred in disregarding Plaintiff's new evidence, and in failing to remand Plaintiff's case in light of that new evidence. Because the record supports Plaintiff's arguments, it is recommended that the Court remand Plaintiff's case back to the Commissioner for a reevaluation of the evidence.

## STANDARD OF REVIEW

Judicial review of a decision of the Commissioner of Social Security is limited to a determination of whether that decision is supported by substantial evidence, as well as whether the Commissioner applied the correct legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence" is defined as "more than a scintilla," and as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Eleventh Circuit has explained that reviewing courts may not decide the facts anew, reweigh the evidence, or substitute their judgment for that of the Commissioner. *Id.* Rather, if the

Commissioner's decision is supported by substantial evidence, that decision must be affirmed even if the evidence preponderates against it.

## EVALUATION OF DISAIBLITY

An ALJ may terminate a claimant's benefits upon finding that there has been medical improvement in the claimant's impairment or combination of impairments related to the claimant's ability to work and the claimant is now able to engage in substantial gainful activity. *Simone v. Comm'r*, 465 F. App'x 905, 907 (11th Cir. 2012). To determine whether disability benefits should be terminated, the ALJ must conduct a multi-step evaluation process and determine:

(1) Whether the claimant is engaging in substantial gainful activity;

(2) If not gainfully employed, whether the claimant has an impairment or combination of impairments which meets or equals a listing;

(3) If impairments do not meet a listing, whether there has been medical improvement;

(4) If there has been improvement, whether the improvement is related to the claimant's ability to do work;

(5) If there is improvement related to claimant's ability to do work, whether an exception to medical improvement applies;

(6) If medical improvement is related to the claimant's ability to do work or if one of the first groups of exceptions to medical improvement applies, whether the claimant has a severe impairment;

(7) If the claimant has a severe impairment, whether the claimant can perform past relevant work;

(8) If the claimant cannot perform past relevant work, whether the claimant can perform other work.

*Simone*, 465 F. App'x at 907 (citing 20 C.F.R. § 404.1594(f))

**DISABILITY EVALUATION IN THIS CASE**

The reviewing ALJ made the following findings in this case. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity through November 1, 2010. (R. 29). At step two, the ALJ found that Plaintiff's medically determinable impairments—lumbar radiculopathy; severe lumbar paravertebral myofascial syndrome; lumbar spondylosis; and diabetes mellitus—did not meet or medically equal the severity of one of the listed impairments. (R. 29). At step three, the ALJ determined that "[d]espite the addition of diabetes as a severe medical impairment, the medical evidence supports a finding that, as of November 1, 2010, there had been an overall decrease in medical severity of the impairments present at the time of the" prior finding of disability. (R. 29–30). At steps four, five and six, the ALJ found that Plaintiff's improvement related to her ability to work, but that Plaintiff continued to suffer from severe impairments and that she could not perform her past relevant work. (R. 30–36). At step seven, however, the ALJ determined that as of November 1, 2010, Plaintiff could perform the requirements of representative occupations such as "Ticket Taker," "Order Clerk," and "Charge Accounts Clerk." (R. 37–38). Based on this finding, the ALJ concluded that Plaintiff's disability had ended as of November 1, 2010. (R. 38).

**ANALYSIS**

This is a "benefits continuation case," meaning that Plaintiff was previously found to be "disabled," but that the Commissioner later determined that Plaintiff was no longer disabled, and therefore no longer entitled to social security benefits, due to medical improvement. *See Simpson v. Scheweiker*, 691 F.2d 966, 969–70 (11th Cir. 1982). As discussed in *Simpson*, and in later-dated cases cited by Plaintiff but not discussed by the Commissioner, the presumptive validity of a prior finding of disability requires a finding of medical improvement supported by substantial

evidence in order for the Commissioner to reach a different outcome—i.e., a finding of no disability—in a later case. *See, e.g.*, *Simpson*, 691 F.2d at 969 ("If . . . the evidence in a continuation case is substantially the same as the same as the evidence . . . in the initial disability benefits request case, benefits must be continued"). *See also Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir. 1984); *Freeman v. Heckler*, 739 F.2d 565, 566 (11th Cir. 1984). As a result, the relevant line of inquiry for this Court is to determine: (i) on what basis the ALJ found that Plaintiff benefited from medical improvement, and (ii) whether substantial evidence supports the ALJ's stated basis.

Although the ALJ in this case summarized the medical evidence at length, the ALJ did not provide a sufficiently articulated basis for finding that Plaintiff benefited from medical improvement. Indeed, because the Social Security regulations define "medical improvement" as "any decrease in the medical severity of your impairment(s),"*see* 20 C.F.R. § 404.1594(b)(1), the ALJ's medical improvement finding, which simply states that Plaintiff benefited from an "overall decrease in the medical severity of [her] impairments," (R. 30), provides no reasoning of substance for this Court to review.

The Commissioner argues that the Court is not "prohibited from discussing evidence that was not cited or explicitly relied upon by the ALJ," (Doc. 11, p. 15), but this argument misses the point. Without an adequately articulated basis for finding that Plaintiff benefited from medical improvement, this Court is unable to conduct the type of limited review contemplated by 42 U.S.C. § 405(g). *See, e.g.*, *Hanna v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)).

The Commissioner also argues that the ALJ assessed and properly discounted the opinion of Dr. Carlos Giron, a treating physician, (Doc. 11, pp. 8, 13–14), but again, and as in *Freeman*, the ALJ appears to have incorrectly evaluated Dr. Giron's opinion as if Plaintiff had filed an original application for benefits, rather than an appeal of the termination of her benefits. 739 F.2d 565, 566. In this regard, the limitations proposed by Dr. Giron in a July 2012 questionnaire—that Plaintiff could sit for only four hours in total during an eight hour workday, could stand and walk for only two hours in total during an eight hour workday, and would be absent from work about three times per month, (R. 627)—mirror earlier limitations proposed by Dr. Giron which formed the basis for the first ALJ's decision to find Plaintiff "disabled" in 2003. (R. 82). Without an adequately articulated finding of medical improvement by the second ALJ, the disparate findings of "disabled" in 2003 and "not disabled" as of 2010, particularly in the face of Dr. Giron's consistent proposed limitations, appear to be based on little else than the "whim of a changed ALJ." *Simpson*, 691 F.2d 966, 969.

On remand, when reevaluating the medical evidence in order to determine whether Plaintiff in fact benefited from medical improvement, the Commissioner should give due consideration to the records Plaintiff submitted for the first time to the Appeals Council, and particularly the records from Dr. George Stefanis, a different treating physician.[1] Although the ALJ concluded that Dr. Giron's proposed limitations were inconsistent with the records from Dr. Stefanis, (R. 36), a form-letter completed by Dr. Stefanis in February 2013 suggests that the ALJ's interpretation of Dr. Stefanis's treatment records was inaccurate. In the form-letter, Dr. Stefanis states that: (i) in his opinion, Plaintiff suffered from disabling limitations in 2005; that (ii) Plaintiff displayed "more severe symptoms and exam findings" in 2011, and her

---

[1] Dr. Stefanis was the surgeon-of-record for Plaintiff's July 2004 hemilaminectomy. (R. 308–09).

"medical condition . . . was actually worse;" and that (iii) he discussed the possibility of additional surgery with Plaintiff in 2011. (R. 8–9). Dr. Stefanis also expressly stated:

> I believe the limitations outlined by Dr. Giron are reasonable and do represent Ms. Danner's best case functional capabilities. Dr. Giron is correct in his conclusion that additional surgical intervention is expected and that Ms. Danner would be incapable of reliably returning to gainful employment on a sustained basis.

(R. 9)

The Appeals Council disregarded Dr. Stefanis's February 2013 form-letter as being "about a later time," (R. 2), but this analysis is "overly simplistic." *See Belyeu v. Colvin*, 2015 WL 1490115 at *4–5 (N.D. Ala. Mar. 2015). Clearly, although Dr. Stefanis's form-letter is dated February 2013, it gives the strong impression that Plaintiff's condition deteriorated, rather than improved, during the time between the earlier finding of "disabled" and the later finding of "not disabled." Because the Appeals Council failed to consider this material evidence in finding Plaintiff "not disabled," and because, additionally, the ALJ failed to adequately articulate a basis for finding that Plaintiff benefited from medical improvement, Plaintiff case must be remanded.

## **CONCLUSION**

After a careful consideration of the record, it is **RECOMMENDED** that Plaintiff's case be **REMANDED** to the Commissioner for a reevaluation of the evidence. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The District Judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and

recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO RECOMMENDED**, this 24th day of April, 2015.

        s/ Charles H. Weigle_____
        Charles H. Weigle
        United States Magistrate Judge